UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RITA CADLE, | ) | Case No. 5:10-CV-190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge McHargh |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner | ) | |
| of Social Security, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 11). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Rita Cadle's ("Cadle" or "Plaintiff") application for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

## I. Introduction & Procedural History

On January 23, 2007, Plaintiff filed applications for Disability Insurance benefits and Supplemental Security Income benefits, alleging a disability onset date of January 18, 2007. (Tr. 136-148). Plaintiff's applications were denied initially, and upon reconsideration; however, on May 21, 2007, Cadle filed a timely request for an administrative hearing. (Tr. 110-14, 117-19, 120-22).

On May 8, 2009, ALJ Dennis James LeBlanc (the "ALJ" or "ALJ LeBlanc") held a hearing during which both Plaintiff and vocational expert Gene Burkhammer testified. (Tr. 38-76). On June

18, 2009, the ALJ rendered his decision finding that Plaintiff suffered from a number of severe impairments, namely anxiety, depression, fibromyalgia, and obstructive lung disease. (Tr. 9-21). However, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work. (Tr. 15-16).

After finding that Plaintiff had no past relevant work experience, ALJ LeBlanc determined Plaintiff was capable of performing work which existed in significant numbers in the national economy. (Tr. 20). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review. (Tr. 1-4). Plaintiff then filed an appeal to this Court.

Plaintiff, born in 1967, was thirty-nine (39) years old on her alleged onset date and forty-one (41) years old at the time the ALJ issued his decision. (Tr. 44). Plaintiff has a GED and a degree in medical assisting. (Tr. 44). She has past experience working as a telemarketer, saw operator, and as a charge account authorizer. (Tr. 71-72).

## II. Disability Standard

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). To receive Social Security Income benefits, a claimant must also meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

### III. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). "[A] decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence would support a contrary decision." *Id.*; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence has been defined as "such relevant evidence as a reasonable mind would accept as sufficient to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Accordingly, substantial evidence is more than a mere scintilla of evidence but may be less than a preponderance. *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Furthermore, the substantiality of the evidence must be based on the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973).

### IV. Analysis

#### 1. Plaintiff's Credibility

Cadle maintains that the ALJ's assessment of her credibility was flawed for three reasons. First, Plaintiff asserts that ALJ LeBlanc's evaluation of her credibility was erroneously based upon his consideration of the objective evidence only. Second, Cadle attacks the ALJ's failure to properly consider the opinion of state agency physician, Dr. Cindy Osborne, concerning Dr. Osborne's assessment of Plaintiff's credibility. Third, Cadle argues that the ALJ ignored reports from three of Cadle's friends regarding the severity of her condition.

Credibility determinations are the prerogative of the ALJ. The Social Security regulations set forth the criteria an ALJ should evaluate when assessing a claimant's credibility. 20 C.F.R. § 416.929(c)(3)(i)-(vii). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Yet, the ALJ must clearly state his reasons for rejecting a claimant's complaints as incredible. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

The Sixth Circuit has further explained that "[s]ubjective complaints of pain or other symptoms shall not alone be conclusive evidence of disability." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (*citing Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003) (internal quotations omitted)). This circuit has established a two part test to evaluate a claimant's complaints of disabling pain when the claimant's pain forms the basis of her disability claim. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). First, the ALJ must determine whether there is "an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Id*. (*citing* 20 C.F.R. § 416.929(a)). If the first test is satisfied, the ALJ must evaluate "the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id*. Social Security Ruling 96-7p lists the factors relevant to the ALJ's determination at this step. These factors include: the individual's daily activities, the frequency and intensity of the individual's pain or other symptoms, any medication the individual takes or has taken to alleviate pain or other symptoms, and treatment, other than medication, the individual has received for relief of pain or other symptoms. SSR 96-7p.

4

The Court notes that fibromyalgia is an "elusive" and mysterious disease which produces no objectively alarming signs. *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003). The disease has no known cause or cure and there are no clinical or laboratory tests to determine its existence or severity. *Id*. Because the disease cannot be objectively verified, "subjective complaints play an important role in the diagnosis and treatment of the condition, and justification for discounting a claimant's statements is particularly important." *Rogers,* 486 F.3d at 248 (*citing Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)). However, "a *diagnosis* of fibromyalgia does not automatically entitle [a claimant] to disability benefits." *Vance*, 260 F. App'x at 806.

Plaintiff argues that ALJ LeBlanc did not properly evaluate her credibility at step two of the analysis by focusing solely on the lack of objective evidence supporting her complaints of disabling pain. Contrary to Cadle's contention, the ALJ's unfavorable credibility finding was not based solely on the lack of objective evidence on record. The undersigned finds that the ALJ properly evaluated Cadle's credibility under the two-part test used in the Sixth Circuit. At step one of the analysis, ALJ LeBlanc ruled that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms". (Tr. 17). But, at step two, the ALJ concluded that Cadle's statements concerning the intensity, persistence and limiting effects of these symptoms were not fully credible and thus, did not persuade the ALJ that Plaintiff's pain was disabling. *Id*. Although the ALJ also stated that "[t]he record over all d[id] not support the contention that Ms. Cadle's severe impairments [we]re disabling", his determination was not solely focused on a review of the objective medical evidence. *Id.*

5

ALJ LeBlanc considered several of the factors enumerated in Social Security Ruling 96-7p in deciding to discount Cadle's testimony. The ALJ began by examining Plaintiff's ability to perform a wide range of daily activities. The ALJ noted that despite Plaintiff's pain and other symptoms, she retained the ability to dress herself, prepare meals, complete chores (i.e. wash dishes and dust), cook, drive, manage her own finances, shop for groceries (with assistance), put the groceries away, and at times exercise. (Tr. 16-17). It was proper for the ALJ to consider these activities in assessing Cadle's credibility. *See* SSR 96-7p; *Vance,* 260 F. App'x at 805-07 (finding it proper for the ALJ to discredit the plaintiff's complaints of disabling pain from fibromyalgia based on her ability to mop, sweep, do laundry, cook, and shop); *see also Slone v. Astrue*, No. 6:08-361-DCR, 2009 WL 2390161, at *5 (E.D. Ky. Aug. 4, 2009) (affirming the ALJ's decision to discredit the plaintiff's complaints of disabling pain where the plaintiff could care for her disabled husband, cook, clean, and drive).[1]

The ALJ further discredited Plaintiff's testimony based upon her treatment for fibromyalgia. ALJ LeBlanc noted that Plaintiff only received minimal and routine treatment for this condition.[2] (Tr. 19). After reviewing the evidence of record, the ALJ concluded that Plaintiff's condition was "well-controlled with treatment." *Id.* Additionally, ALJ LeBlanc commented that the two state agency physicians who reviewed Plaintiff's file, both opined that Cadle was capable of performing

---

[1] As aptly stated by our sister court, "Plaintiff's regular activities have not been cited to trivialize her legitimate discomfort, but to demonstrate that the ALJ's decision is easily within the 'zone of choice' accorded to the fact-finder at the administrative hearing level and as such, should not be disturbed by this Court." *Williams v. Comm'r of Soc. Sec.*, No. 08-13472, 2009 WL 2595692, at *10 (E.D. Mich. Aug. 20, 2009).

[2] Although Plaintiff testified that she did not have insurance during the hearing (Tr. 59), she did not object to ALJ LeBlanc's consideration of her infrequent treatment for fibromyalgia on this basis. Therefore, this argument is waived.

less than a full range of light work. (Tr. 17). Accordingly, the ALJ's negative assessment of Plaintiff's credibility was not bases solely on the lack of objective evidence in the record. Rather, ALJ LeBlanc's decision to discount Cadle's credibility was based on a consideration of several factors. *See Hicks v. Astrue*, No. 3:09-CV-452, 2011 WL 94696, at *2-3 (S.D. Ohio Jan. 10, 2011) (ruling that ALJ's decision to discredit Plaintiff's credibility was properly based on a consideration of several factors, not solely on the lack of objective findings).

Plaintiff also asserts that the ALJ failed to properly consider the opinion of state agency physician, Dr. Cindy Osborne, who completed a residual functional capacity ("RFC") report assessing the severity of Plaintiff's impairments. In the comments section of the report, Dr. Osborne indicated that she found Plaintiff's complaints of pain to be "credible". (Tr. 477). ALJ LeBlanc stated that he gave "some weight" to Dr. Osborne's finding that Cadle could perform a reduced range of light work. (Tr. 19). Cadle argues that the ALJ should have found her complaints of disabling pain to be credible based on Dr. Osborne's comment. ALJ LeBlanc credited the limitations noted by Dr. Osborne and incorporated even greater restrictions into his RFC finding.[3] Plaintiff's argument that the ALJ failed to consider Dr. Osborne's credibility finding is moot because ALJ LeBlanc actually found that Cadle's limitations were more severe than Dr. Osborne indicated, meaning that the ALJ implicitly accepted Dr. Osborne's statement that Plaintiff's claims were credible. Therefore, the Court can find no fault with the ALJ's treatment of Dr. Osborne's opinions.

---

[3]For example, Dr. Osborne indicated that Plaintiff could lift up to 20 pounds occasionally (Tr. 471), but ALJ LeBlanc restricted Plaintiff from lifting any more than 10 pounds at any time. (Tr. 15-16). In addition, the ALJ ruled that Cadle could only lift/pull occasionally (Tr. 16), but Dr. Osborne did indicate that Plaintiff had any limitation in this area of functioning. (Tr. 471).

Finally, Plaintiff attacks ALJ LeBlanc's credibility determination because he failed to mention the third party statements from Cadle's three friends, Wendi Cole, Terry Conrad, and Richard Shockey. These three individuals completed questionnaires describing Plaintiff's daily activities and functional limitations. Cadle further contends that the ALJ's decision failed to explain what weight he gave to these third party statements.

Plaintiff correctly points out that ALJ LeBlanc's written decision did not mention the questionnaires completed by these three individuals. While ALJ LeBlanc had a duty to consider all of the evidence on record, it is well-settled within the Sixth Circuit that "an ALJ can consider every piece of evidence without addressing [all the evidence] in his opinion". *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006). The information found within the third party statements largely mirrors Plaintiff's claims that she experiences frequent debilitating pain (Tr. 245-64) – allegations which the ALJ found not to be entirely credible. Although ALJ LeBlanc's analysis could have been more complete by directly addressing these reports, his decision explicitly stated that he carefully considered the entire record. (Tr. 15). Therefore, the ALJ's failure to directly address this evidence does not require remand. *See Patrick v. Astrue*, No. 07-161-JBC, 2008 WL 3914921 (E.D. Ky. Aug. 19, 2008) (finding that remand was not warranted due to the ALJ's failure to directly address the third party statements in his written decision).

## 2. Treating Physician Rule

Finally, Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinions of Plaintiff's treating physician, Dr. Johns, and by failing to articulate good reasons for the weight that he assigned to Dr. Johns's opinions. Cadle established care with Dr. Johns, a primary care physician, in April of 2008. Dr. Johns treated Plaintiff four times. In a fibromyalgia RFC

evaluation dated August 4, 2008, Dr. Johns opined that Plaintiff was incapable of even "low stress" work and would be required to take unscheduled breaks often during an 8-hour work day. (Tr. 572-73). Dr. Johns concluded that Cadle could stand for 15 minutes, sit for 30 minutes, only occasionally lift five pounds, and would miss more than four days of work per month. (Tr. 572-73). Dr. Johns later reaffirmed his findings in a letter dated May 4, 2009. *Id.*

When assessing the medical evidence contained within a claimant's file, it is well-established that the ALJ must give special attention to the findings of the claimant's treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The treating source doctrine recognizes that physicians who have a long-standing relationship with an individual are better equipped to provide a complete picture of the individual's health and treatment history. *Id.*; 20 C.F.R. § 404.1527(d)(2). A treating source's opinion will receive controlling weight if the opinion is (1) well supported by medically acceptable data; and (2) not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2). However, it is "error to give an opinion controlling weight simply because it is the opinion of a treating source." SSR 96-2p. If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must give "good reasons" for the weight actually accorded to the opinion. 20 C.F.R. § 404.1527(d)(2). The good reasons requirement ensures that the ALJ applies the treating physician rule and facilitates meaningful review of the ALJ's application of the regulation. *Rogers*, 486 F.3d at 242.

ALJ LeBlanc stated that he was giving little weight to Dr. Johns's findings. The ALJ provided adequate reasons to support his decision. First, the ALJ explained that Dr. Johns's findings were inconsistent with other evidence in the record. (Tr. 18-19). ALJ LeBlanc noted that Cadle's activities of daily living were less limited than Dr. Johns's assessment suggested. *Id*. The record

9

evidence supports the ALJ's determination. As previously mentioned, Cadle's pain did not limit her ability to perform a number of daily activities including exercising, socializing with friends, cleaning, cooking, and bathing and dressing herself. Yet, Dr. Johns opined that Cadle could only stand for 15 minutes at a time, and could not stand and/or walk for more than 60 minutes in a workday. (Tr. 573). Thus, ALJ LeBlanc noted that there was an apparent conflict between Dr. Johns's opinions and Plaintiff's actual abilities.

Additionally, the ALJ discredited Dr. Johns's opinions because they were not well supported. ALJ LeBlanc stated, "[t]he record does not reveal any treatment indicating Ms. Cadle's severe impairments are as limiting as Dr. Johns suggests and his treatment of her certainly does not support his finding she could not perform any work at all." (Tr. 19). Plaintiff attempts to challenge the ALJ's finding by pointing to Dr. Johns's treatment notes from Plaintiff's office visits. (Pl.'s Br. at 17). However, Plaintiff failed to explain what information in these treatment records substantiates the findings contained within Dr. Johns's report concluding that she was only able to work for no more than one hour a day.[4] On the contrary, the ALJ noted that the two state agency physicians who reviewed Plaintiff's file each opined that she was able to work in some capacity. In addition, neither state agency physician indicated that Plaintiff's abilities were as restricted as Dr. Johns suggested.

The Court finds that the explanation provided by ALJ LeBlanc appropriately illustrated his reasons for assigning little weight to Dr. Johns's opinions in satisfaction of his duty to state "good

---

[4] In responding to a question asking how many hours Cadle could work per day, Dr. Johns circled both "none" and "1 hour". (Tr. 573). Therefore, it is not clear whether he was attempting to say that Plaintiff was completely precluded from working, or that she could only work for one hour.

reasons" for the weight he accorded to this treating physician's opinions.  His stated reasons adequately explain to the Court why he failed to accord controlling weight to Dr. Johns's opinions and why they were only entitled to little weight.  *See Hicks*, 2011 WL 94696, at *2 (affirming the ALJ's decision to assign less than controlling or deferential weight to the opinions of the claimant's treating physicians because they were not supported by any treatment records, lacked explanation, and the claimant's treatment was infrequent); *see also Goldman v. Comm'r of Soc. Sec.*, No. 1:08-CV-664, 2009 WL 3242569, at *9-10 (W.D. Mich. Sept. 30 2009) (finding it proper for the ALJ to give less than controlling weight to the treating source's opinions because they were "inconsistent with the objective medical evidence as well as [the doctor's] own treatment notes").

## V. Conclusion

For the foregoing reasons, the Court finds that the decision of the Commissioner that Plaintiff is not disabled is supported by substantial evidence.  Accordingly, the Court AFFIRMS the Commissioner's decision.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: July 29, 2011.